UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMERICA BANK, a Texas Banking
association, successor by merger to
Comerica Bank, a Michigan banking
corporation

    Plaintiff,                                Case Number: 2:10-cv-12952

v.                                                 Paul D. Borman
                                                 United States District Court

RONALD J. BERMAN, an individual

    Defendant.

_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Plaintiff Comerica Bank's ("Plaintiff," "Comerica," or the "Bank") motion for summary judgment. (Dkt. No. 8.) Defendant Ronald J. Berman ("Defendant," or "Berman") has filed a response (Dkt. No. 13), and Plaintiff has filed a reply. (Dkt. No. 15.) A hearing was held on May 25, 2011. For the following reasons, the Court GRANTS Plaintiff's motion.

I.      **Background**

The facts of this case are straightforward and do not appear to be in serious dispute. Defendant borrowed $250,000 from Comerica under a Master Revolving Note – Variable Rate – Demand on September 22, 2006 (the "Demand Note"). (Pl.'s Br. in Supp. of its Mot. for Summ. J. 2; Ex. A.) Then, on April 1, 2009, Defendant borrowed an additional $249,580.21 from Plaintiff under a Single Payment Note – Amended and Restated Daily Adjusting LIBOR Rate (the "Single

1

Payment Note," collectively with the Demand Note, the "Notes"). (*Id.*; Ex. C.)

Defendant failed to uphold his obligations under the Notes, and on July 10, 2009, Comerica sent Berman a notice of default. (Pl.'s Br. Ex. D.) Additionally, the notice of default indicated that the Bank had decided to exercise its option to accelerate and demand full payment of all indebtedness under both Notes. (*Id.*)

On August 28, 2009, Comerica and Berman executed an agreement permitting Defendant more time to pay down his indebtedness under the Notes (the "Forbearance Agreement"). (*Id.*; Ex. E.) As part of this agreement, Defendant acknowledged in writing that he was in default under the Notes. (Ex. E ¶ 1.) As consideration for the Forbearance Agreement, Defendant delivered 202,792 shares of stock in Applied Nanotech Holdings, Inc. to Plaintiff. (Dkt. No. 7, Pl.'s Br. in Supp. of its Mot. to Sell Stock 1-2.) Defendant also pledged his membership interest in the Turtle Creek Condominiums, LLC as collateral. (Def.'s Br. in Supp. of his Answer to Pl.'s Mot. 2.) The Forbearance Agreement was amended on March 16, 2010 (the "Amendment"). (Ex. F.)

Again, Defendant failed to make payments as required under the Forbearance Agreement. (Pl.'s Br. Ex. B, Affidavit of Leslie Vogel ¶ 10, Oct. 20, 2010.) Plaintiff sent Defendant a letter dated July 15, 2010 that notified him he had defaulted on the Forbearance Agreement, accelerated his debt, and demanded payment in full from Plaintiff. (*Id.* ¶ 11; Ex. G.) Berman failed to pay as demanded. (Vogel Aff. ¶ 12.) Plaintiff claims that Berman owes the Bank $490,307.65 in principal, accrued interest of $13,270.70 as of October 19, 2010 (which continues to accrue), additional charges of $852.33, and all other recoverable costs and attorney fees.[1] (*Id.* ¶ 13.) Defendant claims that summary judgment is inappropriate because Plaintiff has not demonstrated that he violated the

---

[1] Under the Notes, Plaintiff is entitled to reasonable attorney fees. (Ex. E ¶ 9.)

2

Forbearance Agreement and because selling the collateral "may be enough to off-set the entire balance owing to Plaintiff." (Def.'s Br. 3; Ex. 1, Affidavit of Ronald Berman ¶ 6, Jan. 28, 2011.)

## II. Standard of Review

Summary judgment is only appropriate if there are no genuine issues of material facts and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when there is "sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *see also Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 487 (6th Cir. 2006). When applying this standard, courts must view all materials, including all of the pleadings, in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The moving party bears the responsibility of establishing no issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets its burden, the non-moving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial. *Id.* at 324. The non-moving party must do more than show that there is some abstract doubt as to the material facts. It must present significant probative evidence the issue exists in order to defeat a motion for summary judgment. *See Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993).

## III. Discussion

For the following reasons, the Court holds that Defendant has not demonstrated a genuine issue of material fact as to either liability or the amount owed, and, therefore, GRANTS Plaintiff's motion for summary judgment. First, although Defendant has submitted as affidavit declaring he

3

has not admitted to defaulting on the Forbearance Agreement, his statements taken as a whole suggest otherwise. Under the terms of the Amendment, the Forbearance Agreement expired on "the earlier of (i) the sale of the property commonly know [sic] as 609 South Beach Road, Jupiter, Florida (the "Home"), and (ii) November 1, 2010," at which point any outstanding balance became due. (Ex. F ¶ 3.) The Forbearance Agreement states "Borrower's failure to repay the Notes when due and/or demanded constitutes defaults [sic] under the Notes." (Ex. E, at 2.) On January 28, 2011, Defendant acknowledged in his sworn affidavit that he still has a remaining balancing owed to the Bank. (Berman Aff. ¶ 6.) Accordingly, no reasonable jury could find that Defendant did not default on the Forbearance Agreement.

There is also no genuine issue of material fact as to how much Defendant owes the Bank. Comerica's Vice President, Leslie Vogel, submitted an affidavit stating that Defendant owes the Bank $490, 307.65 in principal, accrued interest of $13,270.70 as of October 19, 2010 (which continues to accrue), additional charges of $852.33, and all other recoverable costs and attorney fees. (Vogel Aff. ¶ 13.) Defendant has not made any claims or submitted any evidence disputing this figure. As a result, there are no issues of material fact regarding how much Plaintiff is owed.

Finally, Defendant's argument that summary judgment is inappropriate because the Bank could satisfy its claim by selling the collateral Defendant pledged as security is without merit. By the Notes' express terms, Plaintiff is not required to take such steps before obtaining a judgment against Defendant. Both Notes state:

> The undersigned waive(s) presentment, demand, notice of dishonor . . . and agree(s) that no extension or indulgence to the undersigned (or any of them) or release, substation or **nonenforcement of any security**, or release or substitution of any of the undersigned, any guarantor or any other party, whether with or without notice, **shall**

4

**affect the obligations of any of the undersigned.**

(Pl.'s Reply 3; Exs. A & C (emphasis added).) While Plaintiff cannot obtain a judgment for money damages and then also sell the collateral, the language quoted above permits Plaintiff either option. *See Comerica Bank v. Cohen*, — N.W.2d —, 2010 WL 4138386, at *4-5 (Mich. App. Oct. 21, 2010) (construing nearly identical language the same way and holding "plaintiff was not required to foreclose on the real estate or proceed against other collateral before seeking payment from defendant"); *see also Jim-Bob, Inc. v. Mehling*, 178 Mich. App. 71, 92 (1989) ("[A] plaintiff may simultaneously pursue all of his remedies . . . *so long as plaintiff is not awarded double recovery*.") (emphasis in original).

IV.   Conclusion

For the reasons stated above, the Court GRANTS Plaintiff's motion for summary judgment.

**SO ORDERED.**

Dated: 5-31-11

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE